IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY JACKSON,                                    Civil No. 06-1477-HU

      Petitioner,                         FINDINGS AND RECOMMENDATION

    v.

CHARLES A. DANIELS, Warden,

      Respondent.


    FRANCESCA FRECCERO
    Assistant Public Defender
    101 SW Main, Suite 1700
    Portland, OR  97204

      Attorney for Petitioner


    KAREN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204

      Attorneys for Respondent

    1 - FINDINGS AND RECOMMENDATION -

HUBEL, Magistrate Judge.

Petitioner, an inmate in the custody of the Bureau of Prisons (BOP), brings this Habeas Corpus proceeding pursuant to 28 U.S.C. § 2241. For the reasons that follow, the amended Habeas Corpus petition (#15) should be denied.

### BACKGROUND

Petitioner was convicted in 1994 in the Western District of Washington for Possession of Cocaine Base with Intent to Distribute. He was sentenced to 240 months imprisonment and is presently incarcerated at Federal Correctional Institution (FCI) Sheridan, Oregon.

On March 12, 2006, at approximately 10:00 p.m., Officer F.O. Davis observed Petitioner and another inmate, Tavares Blackmon, in physical contact with each other in the television room. Believing the inmates were fighting, the officer sounded his body alarm and twice ordered Petitioner to get off Blackmon. Petitioner complied, helping Blackmon up. When assistance arrived, both inmates were searched, placed in restraints and taken to the Special Housing Unit (SHU). Tests for alcohol use established that Blackmon was intoxicated, but that Petitioner had not consumed any alcohol. Both inmates denied they had been fighting and claimed Blackmon had fallen on Petitioner while intoxicated. The incident report written that evening charged Petitioner with Fighting with Another Person in violation of Code 201, 28 C.F.R. § 541.13. In the

2 - FINDINGS AND RECOMMENDATION -

report, Officer Davis stated he observed Petitioner and inmate Blackmon fighting; that Petitioner was on top of Blackmon with his hands around Blackmon's throat; that both were kicking and attempting to do harm to each other; that Blackmon appeared to have blood on his t-shirt. Petitioner received a copy of the report the following morning.

The incident was promptly investigated as required. *See* 28 C.F.R. 541.14(b). The morning following the incident, Lieutenant D. Burns interviewed Petitioner and inmate Blackmon. Petitioner stated, "He was wrestling me because he was drunk. I didn't do anything to him. He grabbed my shirt, fell over and I fell on top of him. I didn't do anything to him." Blackmon stated, "We were just wrestling. I don't remember him having his hands around my throat. I slipped and fell. He got on me because we were wrestling and I was drunk." Based on the inmate interviews and statements by reporting staff, Lieutenant Burns concluded the incident report as written was accurate and the charge against Petitioner valid. He referred the report to the Unit Disciplinary Committee (UDC).

Petitioner received a UDC Hearing on March 21, 2006. Petitioner stated, "There was no fighting or wrestling. He was drunk and grabbed me when he fell over the chair. I tried to hold him up and we both fell down." The UDC upheld the charge of "Fighting," and referred the matter to the Discipline Hearing

3 - FINDINGS AND RECOMMENDATION -

Officer (DHO) due to the nature of the charge and the recommended sanctions.

Petitioner received a hearing before the DHO on March 29, 2006. Petitioner was advised of his rights by a staff member. Petitioner waived his right to the presence of a staff representative to assist him, and did not request or call any witnesses. Petitioner denied the charges against him and reiterated that he wasn't drunk; that the other inmate tried to pick him up and fell over backwards; that he landed on top of the other inmate; and that they were not fighting. Based on the evidence, the DHO determined that a more appropriate characterization of the physical encounter was wrestling, a violation of Code 220. The DHO sanctioned Petitioner with 14 days of Disciplinary Segregation and disallowed 27 days Good Conduct Time.

In his amended petition, Petitioner alleges he was denied due process because he was not provided with adequate notice of the charges against him when the DHO, *during his hearing*, changed the charge from "Fighting" in violation of Code 201 to "Wrestling" in violation of Code 220, and because the DHO's conclusion finding him guilty of wrestling was not supported by the evidence. Petitioner seeks restoration of his lost Good Conduct Time (GCT).

///

///

    4 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

A habeas petition is the proper mechanism for prisoners challenging the "fact or duration" of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Jurisdiction extends to claims contesting the loss of GCT which affects the duration of an inmate's confinement and implicates the liberty interest in GCT created by Congress. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20. The questions here are whether the hearing officer violated Petitioner's due process rights to advanced notice by changing the charge for which Petitioner was sanctioned during the DHO hearing, and whether the DHO's findings are supported by "some evidence".

### Notice Requirement

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that due process requires that inmates be afforded procedural protection in prison disciplinary procedures that can result in the loss of GCT. The Supreme Court held that the following procedures must be followed in a disciplinary hearing: (1) the inmate must receive no less than twenty-four hours advance written notice of the claimed violations; (2) the inmate must receive a written statement of the fact finder as to the evidence relied upon and the reasons for the disciplinary action taken; (3) the inmate must be allowed to call witnesses and present documentary evidence in his

defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; (4) the inmate must be allowed to seek the aid of a fellow inmate or staff member; and (5) the disciplinary hearings must be impartial. *Id.* at 564-70. "The function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Id.* at 564.  Petitioner alleges he was denied due process because the notice of the infraction he was being charged with specified "fighting with another person," a violation of code 201, while at his hearing the DHO changed the charge to "wrestling," a violation of code 220.  However, the notice Petitioner received met the function of notice articulated in *Wolff* for either charge.

The morning after the incident, Petitioner received written notice informing him of the conduct on which the charge of fighting was based.  The notice described what staff observed during a random check of the unit: Petitioner and inmate Blackmon in T.V. room "B" "fighting", with Petitioner "on top of Blackmon with his hands around Blackmon's throat, both were kicking and attempting to do harm to each other."  The notice goes on to document that after staff ordered Petitioner to get off Blackmon twice, "[Petitioner] released his grip around Blackmon's throat and helped him up saying they were just playing. . . . Blackmon appeared to have some blood on his t-shirt."  The DHO's re-classification of the offense from

"fighting" to "wresting" did not change the factual basis for charging Petitioner with a code violation.

Petitioner disputes the characterization of the incident, but not the fact that it occurred.  Petitioner argues the plain meaning of "fighting" and "wrestling" are very different and that wrestling designates a specific type of athletic contest.  However, Code 220 proscribes "[d]emonstrating, practicing, or using martial arts, boxing (except for use of a punching bag), *wrestling, or other forms of physical encounter*, or military exercises . . . ."  28 C.F.R. § 541.13(a), Table 3 (emphasis added).  Moreover, during the investigation, Petitioner used the term wrestling to describe the physical contact to the investigating officer.

Petitioner does not explain how his defense to the charges against him would have been different had the notice specified the charge "wrestling".  The notice Petitioner received provided the factual basis on which Petitioner was charged, and found guilty.  Thus, "[t]he incident report adequately performed the functions of notice described in *Wolff*."  *See Bostic*, 884 F.2d at 1270-71 (description of incident as "stealing" rather than as "possession of contraband" "alerted inmate he would be charged with possessing something he did not own").  Accordingly, Petitioner's due process rights were not violated.

///

///

    7 - FINDINGS AND RECOMMENDATION -

Sufficiency of the Evidence

Petitioner contends no evidence exists to support the DHO's determination he was guilty of wrestling, because he and the other inmate were not engaged in an athletic contest and their contact resulted from the other inmate falling on him.  This court must look to see whether there is any evidence in the record that could support the conclusion reached by the DHO. *Superintendent v. Hill*, 474 U.S. 445, 455-56 (1989).  "Some evidence" to support the DHO's finding is all that is necessary for due process requirements to be met. *Bostic,* 884 F.2d at 1269-70.

Petitioner's argument seeks to restrict the term "wrestling" to identifying the sport of wrestling or a consensual activity, and reads the use of "wrestling" in Code 220 exclusively in that sense. However, looking at the language of Code 220, it proscribes "[d]emonstrating, practicing, or using martial arts, boxing (except for use of a punching bag), *wrestling, or other forms of physical encounter*, or military exercises . . ."  28 C.F.R. § 541.13(a). The language immediately following "wrestling" characterizes wrestling as a "form[] of physical encounter," but does not define the encounters as consensual or as athletic contests.  Accordingly, I disagree that Code 220 uses the term "wrestling" exclusively in the sense of a consensual or athletic contest.

Regulations require DHOs to base their decision on "the greater weight of the evidence" when an inmate contests the

evidence supporting a violation.  28 C.F.R. § 541.17(f).  Here, the DHO based his determination on:  the eyewitness accounts of Officer Davis, who first observed Petitioner and inmate Blackmon in physical contact in the T.V. room, describing Petitioner as having his hands around Blackmon's throat; Petitioner's statements to Investigator Lt. Burns including, "he was wrestling me because he was drunk"; inmate Blackmon's statements on the night of the incident, and to Investigator Burns the following morning, stating he and Petitioner "were just wrestling"; and pictures of Petitioner and inmate Blackmon.  Based on the greater weight of the evidence, the DHO determined Petitioner was guilty of wrestling.  The record clearly shows there is "some evidence" supporting the DHO's determination.  Accordingly, Petitioner's due process rights were not violated.

## CONCLUSION

Based on the foregoing, Petitioner's amended Habeas Corpus petition (#15) should be denied and this proceeding dismissed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due June 6, 2007.  If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due

June 20, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __22nd__ day of May, 2007.

/s/ Dennis J. Hubel

_____

DENNIS J. HUBEL
United States Magistrate Judge